Gregory Richardson, Esq., SB #177233
P.O. Box 104-640
3380 La Sierra Ave.
Riverside, California  92503
tel: (951) 850-2052

# UNITED STATES FEDERAL DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MATTER, dba MATTER SYSTEMS and MARK FULTON, dba as INTEGRITY AUTOMATED SOLUTIONS,<br><br>Plaintiffs<br><br>vs.<br><br>KEITH VOYSEY, Chief Technology Officer, GENEA ENERGY PARTNERS, INC., a California Corporation, DAVID BALKIN, position unknown, CHRIST TAYLOR, position unknown, and DOES 1 through 50 inclusive,<br><br>Defendants | Case No.: 8:15-cf-00978-CJC-AGR<br><br>**REQUEST TO CROSS-EXAMINE JOHN GUIST REGARDING FACTS RELATED TO GENEA'S PRE-CEASE-AND-DESIST LETTER INVESTIGATION OF CLAIMS OF INFRINGEMENT**<br><br>**REQUEST TO RESET HEARINGS DATES TO AT LEAST 28 DAYS FROM SERVICE OF AMENDED NOTICES AND MOTIONS TO FEBRUARY 2, 2016**<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed:  October 5, 2015<br><br>Trial Date:  None |

## I. INTRODUCTION.

The deadlines for serving Plaintiffs opposing papers are calculated below, according to the **Local Rules** [**L.R.**] and the **Federal Rules of Civil Procedure** [**F.R.C.P.**].

Since an important issue is whether Genea, Inc. [GENEA or Genea] performed an adequate or indeed any claims infringement analysis before sending its cease and desist letter [C & D Letter] in June 2011, Plaintiffs seek to examine or cross-examine John Guist, formerly Genea's patent counsel.

Due to recent events, including the unilateral reassignment of this case to Judge David Carter, and his subsequent granting of Genea's motion to dismiss without a hearing, Plaintiffs request additional time to respond to Genea's amended notice of motion and motions to dismiss and for sanctions until at the earliest February 2, 2016.

## II. REQUEST FOR JUDICIAL NOTICE.

The Court is requested to take judicial notice of the **Federal Rules of Civil Procedure** [**F.R.C.P**] and the following **Local Rules** [**L.R.**]:

**L.R. 15-3**:  An amended pleading allowed by order of the Court shall be deemed served upon the parties who have previously appeared on the date the motion to amend is granted or the stipulation therefor is approved.  Service of amended pleadings on a party who has not previously appeared shall be made as provided in L.R. 4.

**L.R. 7-8** Presence of Declarants - Civil Cases. On motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined (e.g., civil contempt, but excluding motions contesting venue and personal jurisdiction), not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve by hand (or facsimile or by electronic filing) and file a notice of request to cross-examine such declarant. If the party offering the declaration disputes that the declarant is within

the subpoena power of the Court and reasonably available to the offering party, such party shall serve and file an objection to the notice of request to cross-examine not later than eleven (11) days prior to the hearing. The offering party shall be under no obligation to produce the declarant unless the Court has granted the request to cross-examine by written order not later than three (3) days prior to the hearing. No declaration of a declarant with respect to whom such a request has been granted shall be considered unless such declarant is personally present and available at the hearing for such cross-examination as the Court may permit. The Court may, in the alternative, order that the crossexamination be done by deposition taken on two (2) days' notice with the transcript being lodged five (5) days prior to the hearing. The Court may impose sanctions pursuant to these Local Rules against any party or counsel who requests the presence of any declarant without a good-faith intention to cross-examine the declarant.

**L.R. 7-3** Conference of Counsel Prior to Filing of Motions. In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. . . ..

**Federal Rules of Civil Procedure** [**F.R.C.P.**] Rule 6(d):

(d) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

### III. COMPUTATION OF DEADLINE FOR FILING OPPOSITION.

Rescheduling the pending motions are called for for at least two reasons.

First, three (3) days are added to the deadline for electronic service of moving papers. **F.R.C.P.** Rule 6(d). The original moving papers were served electronically on December 12, 2015.

Second, Plaintiffs note that there was insufficient time to respond to the amended notices and motions since their service on December 14, 2015 should

have been accomplished at least twenty-one (21) "days before the date designated for the hearing of the motion . . ." **L.R.** 7-9.

In view of the service of amended notices and motions on December 14, 2015, the hearings could not be held on January 11, 2016.

Plaintiffs request that the hearings be re-calendared for February 2, 2015.

### IV. PLAINTIFFS REQUEST TO CROSS-EXAMINE JOHN GUIST ON THE HEARING DATE.

Since the declarations of John Guist appear to be central to the moving papers, Plaintiffs seek to cross examine his according to **L.R.** 7-8 at any hearing.

Dated: December 24, 2015

Respectfully submitted,

_____/s/ Gregory Richardson_____
Gregory C Richards Richardson, Esq.